IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI, *ex rel.* <br> JIM HOOD, ATTORNEY GENERAL | PETITIONER |
| V. | CAUSE NO. 3:11-CV-00509-CWR-LRA |
| GULF COAST CLAIMS FACILITY AND <br> KENNETH FEINBERG, AS ADMINISTRATOR <br> OF THE GULF COAST CLAIMS FACILITY | RESPONDENTS |

### ORDER OF REMAND

The above-styled matter is before the Court on the Defendants' Motion to Stay and the Plaintiff's Motion to Remand. The Court has considered the arguments offered by both parties in support of and in opposition to the two motions and, after a review of the governing authorities, has concluded that the stay should be denied and the remand should be granted.

### FACTS

Kenneth Feinberg is the administrator of the Gulf Coast Claims Facility, which oversees the payments of claims for damages suffered by victims of the April 2010 oil spill at the Deepwater Horizon offshore drilling unit in the Gulf of Mexico.

In February 2011, Attorney General Jim Hood issued a subpoena *duces tecum* on the GCCF[1] pursuant to the authority vested in him by the Mississippi Consumer Protection Act.[2] According to Hood, the subpoena remains unsatisfied, although some of the subject documents

---

[1] State Court Record [Docket No. 1-1] at 8 (Petition to Compel Compliance of Subpoena Issued by the Mississippi Attorney General at 4) (hereinafter "State Court Petition").

[2] Miss. Code Ann. §§ 75-24-1, *et seq.*

1

have been produced.[3]

On July 12, 2011, Hood filed suit on behalf of the State of Mississippi against the Gulf Coast Claims Facility and Kenneth Feinberg (hereinafter collectively "GCCF") in Hinds County Chancery Court in an effort to compel GCCF's compliance with the subpoena. Specifically, Hood claims that he "is conducting an investigation into whether [GCCF's] procedures for processing claims constitute fair and/or deceptive trade practices in violation of the Mississippi Consumer Protection Act"[4] and that although he "has not made any determination as to the merits of a future enforcement action,"[5] GCCF's refusal to comply with his subpoena leaves Hood "unable to determine whether [GCCF] ha[s] been or [is] in violation of the Consumer Protection Act."[6] Hood also sought "[c]osts and attorneys' fees associated with bringing th[e] Petition."[7]

Notably, in his Petition to the Hinds County Chancery Court, Hood claimed explicitly that he "br[ought] this action solely under state law and not under federal law[ ] and [wa]s not asserting [t]herein any claims arising under federal law,"[8] and he "specifically and expressly denie[d] and disclaim[ed] asserting any such federal claims in th[e] Petition."[9]

---

[3] State Court Petition at 4.

[4] State Court Petition at 6.

[5] State Court Petition at 6.

[6] State Court Petition at 3.

[7] State Court Petition at 7.

[8] State Court Petition at 7.

[9] State Court Petition at 7.

On August 11, 2011, GCCF removed the case to federal court pursuant to Title 28, Sections 1441 and 1446 of the United States Code. Specifically, GCCF claims that original jurisdiction lies with this Court by virtue of the Outer Continental Shelf Lands Act.[10] Hood moved to remand the case to state court on September 12, 2011,[11] but not before GCCF moved on August 30, 2011, for a stay[12] pending a decision by the Judicial Panel on Multidistrict Litigation regarding whether to transfer this case.[13]

Both motions are now before the Court.

**ANALYSIS**

As an initial matter, the Court declines to grant GCCF's motion for a stay despite the fact that this case is the subject of a MDL conditional transfer order. Until a transfer to multidistrict litigation has become final, a district court's jurisdiction over pretrial matters is in no way impeded.[14] And when a litigant improperly removes a case, the limited jurisdiction of federal

---

[10] 43 U.S.C. §§ 1331, *et seq.* Additionally, GCCF initially argued that this Court enjoys jurisdiction pursuant to the Class Action Fairness Act, but GCCF later abandoned that position. Defendants' Notice of Withdrawal of Contention that This Court Has Jurisdiction Over This Under the Class Action Fairness Act [Docket No. 19].

[11] Motion to Remand for Lack of Subject Matter Jurisdiction [Docket No. 12] (hereinafter "Motion to Remand").

[12] Defendants' Motion to Stay All Proceedings Pending a Final Decision Regarding Transfer by the Judicial Panel on Multidistrict Litigation [Docket No. 5] (hereinafter "Motion to Stay").

[13] *See In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179.

[14] *Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 884, 850-51 (7th Cir. 2004); *Abdullah v. Acands, Inc.*, 30 F.3d 264, 270 n.7 (1st Cir. 1994). *See also Samuel v. Aber Co., Inc.*, 2009 WL 2242418, *1 n.3 (M.D. La. 2009).

courts[15] is impermissibly invoked, resulting in an undue delay of a state court's rightful duty to address a case's merits. In order to avoid such a protraction in the case at bar, the Court proceeds to the merits of the motion to remand.

Hood offers several arguments in favor of a remand to state court, but the most compelling is his first: that the Petition filed by Hood in Hinds County Chancery Court does not amount to a "civil action," as that term is used in the federal removal statute, and therefore that GCCF is not entitled to bring the case to this Court.

Generally speaking, when a plaintiff is permitted to bring his case in either state or federal court but chooses the former, the defendant may opt to have a federal court hear the case instead. This principle is contained in Title 28, Section 1441 of the United States Code, which provides that

> [e]xcept as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[16]

Clearly, Section 1441 permits removal only of "any civil action," and in Hood's view, the matter at hand is not such a creature. Hood argues that the subpoena at the center of his Petition "is a pre-litigation investigative tool, and its enforcement in chancery court is not a 'civil action' . . . ."[17] In contrast, GCCF views Hood's Petition as a much broader effort and, specifically, one

---

[15] *See* U.S. Const. Art III § 2.

[16] 28 U.S.C. § 1441(a) (emphasis added).

[17] Memorandum of Law in Support of Motion to Remand for Lack of Subject Matter Jurisdiction [Docket No. 13] (hereinafter "Hood Memo") at 5.

4

that differs from cases involving only the discovery process because Hood "seeks affirmative monetary relief from defendants in the form of an award of attorneys fees and costs."[18]

Of the two arguments, Hood's enjoys the greater degree of legal support. In 2007, Judge Senter remanded a case to state court because the plaintiff therein "[wa]s seeking only the discovery of information unavailable from any source other than" the defendant, and therefore, "in its present posture," the case "d[id] not constitute a removable 'civil action.'"[19]

Judge Senter was persuaded in particular by the fact that "Mississippi procedural law allow[ed] the relief the plaintiff [wa]s seeking and authorize[d] the procedure the plaintiff [wa]s attempting to follow"[20] to procure the information at issue. In the case at bar, the Mississippi Consumer Protection Act provides that

> if any person knowingly and willfully . . . fails or refuses to obey a subpoena or investigative demand issued by the Attorney General, the Attorney General may, after notice, apply to the chancery or county court of the county in which such person resides or has his principal place of business, or if the person be absent or a nonresident of the State of Mississippi, of such court of the county in which the state capitol is located and, after hearing thereon, request an order:
> . . .
> (c) Granting such . . . relief as may be required, until the person files the statement or report, or obeys the subpoena or investigative demand[.][21]

The Court is therefore satisfied that Mississippi procedural law entitles Hood to seek compliance with his subpoena and authorizes the procedure by which his Petition attempted to

---

[18] Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand [Docket No. 16] (hereinafter "GCCF Memo") at 14.

[19] *Hasty v. Allstate Ins. Co.*, 2007 WL 1521126, *1 (S.D. Miss. 2007) (Senter, J.).

[20] *Id.*

[21] Miss. Code Ann. § 75-24-17.

5

compel that compliance. Like the plaintiff before Judge Senter, Hood "is seeking only the discovery of information unavailable from any source other than"[22] GCCF, which strongly suggests to this Court that the case at hand is, as Hood argues, not a civil action.

A case on which Judge Senter explicitly relied provides further support for Hood's position. In 1998, Chief Judge Butler of the Southern District of Alabama held that a petition filed pursuant to Rule 27 of the Alabama Rules of Civil Procedure, which "permits a party to . . . obtain discovery before an action is commenced," was not itself a civil action.[23] That Court observed that Alabama's Rule 27 "provides a limited means by which *potential plaintiffs* (and their attorneys) . . . can examine evidence *before actually deciding whether they have a reasonable basis for filing an action*."[24] Such a petition, in that Court's view, "is a request for discovery, nothing more."[25]

The provision of the Mississippi Consumer Protection Act under which Hood filed his Petition is a substantially similar creature. Section 75-24-17 of the Mississippi Code delineates the method by which the Attorney General, prior to initiating suit against a defendant, can compel compliance with subpoenas aimed at producing evidence that is relevant to the question

---

[22] *Hasty*, 2007 WL 1521126 at *1.

[23] *In re Hinote*, 179 F.R.D. 335, 336 (S.D. Ala. 1998). *See also Young v. Hyundai Motor Mfg. Alabama, LLC*, 575 F. Supp. 2d 1251, 1254 (M.D. Ala. 2008) (noting that a bill of discovery filed in state court was not an initial pleading setting forth claim or relief that triggered the removal clock under 28 U.S.C. § 1446(b)) (relying on *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994)).

[24] *Id.* (quoting *Ex parte Anderson*, 644 So. 2d 961, 965 (Ala. 1994)) (emphasis in original).

[25] *Id. See also Shotlander v. Allstate Ins. Co.*, 2007 WL 1521132, *1 (S.D. Miss. 2007) (complaint for discovery does not constitute a removable "civil action") (Senter, J.).

of whether a civil action is warranted. But its core purpose is only to procure evidence.

In a similar case addressing the Texas Rules of Civil Procedure, Judge Kendall of the Northern District of Texas held that a pre-suit petition for discovery "is not a 'civil action' under [the removal statute] because it asserts no claim or cause of action upon which relief can be granted. It is merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit, maybe with federal question jurisdiction, maybe not."[26] With only the exception that the case at hand involves a provision of the Mississippi Consumer Protection Act rather than the Texas Rules of Civil Procedure, this case presents exactly the same situation. Hood's Petition does not seek to prosecute a claim or other cause of action; it merely seeks an order requiring production of evidence that may ultimately be used in the prosecution of a claim. As such, it does not amount to a civil action.

To support its position to the contrary, GCCF relies on the reasoning of a decision styled *In re Texas*, in which the Eastern District of Texas concluded in 2000 that the term "civil action" actually is meant only to distinguish non-removable criminal actions from civil ones.[27] But the Fifth Circuit eventually reversed the district court's ruling without reaching the issue of whether pre-suit petitions for discovery amount to removable civil actions, and in that absence, the only available precedent from the Fifth Circuit directly undercuts GCCF's position. In 1994, the Fifth Circuit rejected a plaintiff's argument that the 30-day removal period began running at the filing of a bill of discovery rather than at the filing of the complaint because the latter was "the first

---

[26] *Mayfield-George v. Texas Rehabilitation Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000).

[27] *In re Texas*, 110 F. Supp. 2d 514, 521 (E.D. Tex. 2000) (rev'd on other grounds, *Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001)).

document stating a claim . . . ."[28] The removal statute permits a defendant to invoke the federal courts' jurisdiction only "after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."[29] Therefore, in the Fifth Circuit's apparent view, removal cannot occur until a complaint has been filed.[30]

    Even without that guidance, the line of cases cited by Hood is the more compelling. Although the federal removal statute is silent as to a definition of "civil action," even the Eastern District of Texas decision on which GCCF relies argues that the statute's use of the term should be read in harmony with the phrase's treatment within the Federal Rules of Civil Procedure.[31] According to Rule 3 of the Federal Rules, "[a] civil action is commenced by filing a complaint with the court." Whatever can be said of the filing by which Hood instituted this matter, it cannot be properly characterized as a complaint; it raises no claim and seeks no damages. It is, by its

---

[28] *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994).

[29] 28 U.S.C. § 1446(b).

[30] The possible incongruence between the Fifth Circuit's observation in *Wilson* and its decision seven years later in *Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001), is not lost on this Court. In *Texas*, the Fifth Circuit explicitly passed on the question of whether the pre-suit discovery proceeding in question was a removable civil action. *Id.* at 395 n.14. Given the aforementioned decision in *Wilson*, one might have expected the Fifth Circuit to reiterate its position that pre-suit petitions for discovery are not civil actions for purposes of the removal statute. For whatever reason, the *Texas* Court did not do so. But the *Texas* decision contains no shade of an intent to overrule *Wilson*, and even if it did, the Fifth Circuit has firmly established that the decision of a three-judge panel can be overruled only by an *en banc* sitting of that Court or an intervening decision of the Supreme Court. *United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007). Therefore, if *Wilson* is not to control the case at hand, then that is a question that has not been left to this Court. *See also Young v. Hyundai Motor Mfg. Alabama, LLC*, 575 F. Supp. 2d 1251, 1254-55 (M.D. Ala. 2008) (adopting reasoning of *Wilson* over that of *In re Texas*, 110 F. Supp. 2d at 521).

[31] *In re Texas*, 110 F. Supp. 2d at 521.

own description, a "petition," and it merely seeks discovery of evidence through compliance with what Hood contends is a subpoena lawfully issued pursuant to state law.

The fact that Hood also seeks reimbursement through remittal of attorneys fees and costs does not change this Court's conclusion. The Petition remains devoid of any claim or cause of action. Furthermore, under Mississippi law, attorneys fees are not a form of compensatory or punitive damages.[32] The request's inclusion does not transform the character of the Petition, which remains centrally Hood's prayer for a court order seeking compliance with a subpoena.

Whether the subpoena at hand is lawful under the Mississippi Consumer Protection Act is, of course, another question altogether, and this Court expresses no opinion thereon. But if GCCF believes that Hood has exceeded the authority vested in him by state law, then that is a matter to be addressed by a court constituted under the laws of Mississippi and not this court of limited jurisdiction.[33] The threshold question before this Court is whether the matter has yet developed into a full-fledged "civil action." Precedent commands the conclusion that it has not.

GCCF's argument that Hoods has unwittingly stated a claim under OCSLA is likewise

---

[32] *See Smith v. Dorsey*, 559 So. 2d 529, 550 (Miss. 1992) ("[A]bsent statutory authority or contractual provisions, attorneys' fees cannot be awarded unless punitive damages are *also* proper.") (emphasis added). The Mississippi Supreme Court's use of the word "also" indicates that attorneys fees are not a species of punitive damages. *See Barden Mississippi Gaming, LLC v. Great Northern Ins. Co.*, 2010 WL 2694983, *6 (N.D. Miss. 2010) ("[T]he general rule [is] that attorney's fees are not recoverable as damages . . . ."). *See also Jackson v. Galan*, 858 F.2d 165, 168 n.5 (5th Cir. 1989) ("[S]ection 1988 fees are an element of costs rather than damages, and may be awarded in spite of officials' immunity."); *Fernandes v. Limmer*, 663 F.2d 619, 637 (5th Cir. 1981) ("Whether [parties] are immune from damage awards is irrelevant here because § 1988 attorneys' fee awards are an element of costs.").

[33] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.").

not compelling. According to OCSLA, federal courts enjoy subject-matter jurisdiction "of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . . ."[34] The Fifth Circuit has written that it "appl[ies] a broad 'but-for' test to determine whether a cause of action arises under OCSLA."[35] And in GCCF's view, because it would not exist but for the Deepwater Horizon's explosion, this case (and, presumably, any other case to which it could ever be a party) necessarily implicates OCSLA.

GCCF is correct that the Fifth Circuit views "[t]he jurisdictional grant[ ] contained in 43 U.S.C. § 1349(b)(1) [a]s very broad."[36] But to view OCSLA's scope so far-reaching as does GCCF would render GCCF's every potentially actionable decision a federal case, be it related to the claims process at hand or a GCCF employee's car wreck en route to the office.

Neither OCSLA's plain language nor the Fifth Circuit's decisions interpreting it contain any indication that matters so far removed as these – occurring not on the outer Continental Shelf but doing business in Dublin, Ohio,[37] and aimed not at the "exploration, development, or product of . . . minerals" but rather at "developing and publishing standards for recoverable claims"[38] related to the Deepwater Horizon spill – fall within the purview of Section 1349(b)(1), which

---

[34] 43 U.S.C. § 1349(b)(1).

[35] *Hufnagel v. Omega Serv. Indust., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999).

[36] *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

[37] State Court Petition at 1.

[38] State Court Petition at 2.

addresses "any operation conducted *on* the outer Continental Shelf . . . ." Plainly, although GCCF's activities amount an operation, that operation is not conducted "on the outer Continental Shelf."[39] Therefore, OCSLA does not apply and is not a proper basis for federal jurisdiction.

Hood's petition did not initiate a civil action, and GCCF's removal to federal court was improper. For these reasons, GCCF's Motion to Stay is denied, and Hood's Motion to Remand is granted.

SO ORDERED this Fifteenth day of November 2011.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[39] 43 U.S.C. 1349(b)(1). *See, e.g.*, *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 475-76 (1981) (OCSLA applied to crewman injured during storm while on board a drilling platform); *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 491 (5th Cir. 2002) (OCSLA case regarding injuries suffered by plaintiff while unloading groceries on board an oil and gas platform); *Laredo Offshore Constr., Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1226-29 (5th Cir. 1985) (OCSLA controlled dispute regarding contract for construction of a stationary drilling platform on the outer Continental Shelf); *Simms v. Roclan Energy Servs., Inc.*, 137 F. Supp. 2d 731, 733 (W.D. La. 2001) (OCSLA governed personal-injury claim of plaintiff injured in basket being lowered from helicopter onto a drilling platform).